UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AIKIAM FLOYD,

            Plaintiff,

    – against –

COSI, INC.,

            Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 21 2015 ★

BROOKLYN OFFICE

**AMENDED MEMORANDUM & ORDER**

14-CV-3772



**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction ..................................................................................................................... 1
II. Procedural History and Posture ....................................................................................... 2
III. Standard of Review for *Pro Se* Plaintiffs ....................................................................... 2
IV. Title VII Claims Timely .................................................................................................. 3
   A. Law ............................................................................................................................ 3
   B. Facts and Application of Law to Facts ..................................................................... 3
V. Recusal to Avoid Future Prejudice in Instant Case ......................................................... 4
VI. Context ............................................................................................................................. 6
   A. Indigent Access to Civil Counsel .............................................................................. 6
   B. Efforts to Provide Civil Counsel ............................................................................... 6
VII. Conclusion ....................................................................................................................... 8

**I.   Introduction**

Plaintiff Aikiam Floyd, a former employee of the restaurant chain Cosi, Inc. ("Cosi"), asserts claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, for discrimination in the course of his employment. He alleges discrimination based on his being African American. Compl. 3.

Plaintiff proceeds *pro se*. He cannot afford a lawyer.



1

Lack of civil counsel required intervention by the court on plaintiff's behalf. This could create the appearance of partiality in future decisions and therefore requires recusal.

The case illustrates some of the problems presented by the law's failure to provide civil counsel to many of those with limited funds.

**II.   Procedural History and Posture**

Defendant moved to dismiss claims brought under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* (the "ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"). Appropriately, plaintiff withdrew these claims as unfounded. The ADA and ADEA claims are dismissed with prejudice.

Defendant also moved to dismiss plaintiff's Title VII claims as time-barred. On consent, at a January 6, 2015 hearing, the motion was converted to a motion for summary judgment. H'rg Tr., Jan. 6, 2015. That motion is before the court. It is denied.

**III.   Standard of Review for *Pro Se* Plaintiffs**

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Complaints are to be construed "liberally, to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal quotation marks and citation omitted). *But cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaints to be strictly construed); *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (same).

## IV. Title VII Claims Timely

### A. Law

"A plaintiff may bring a claim under Title VII only for acts of discrimination that occurred within the statutory period set by 42 U.S.C. § 2000e-5(e)(1)." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004). If a complainant first initiates his complaint with a state or local agency, the statutory period is 300 days "after the alleged unlawful employment action occurred." 42 U.S.C. § 2000e–5(e)(1). *See also E.E.O.C. v. Commercial Office Products Co.*, 486 U.S. 107, 110 (1988).

The continuing violation doctrine "allows a plaintiff to challenge . . . all conduct that is part of the same course of discriminatory treatment . . . even if some of the conduct occurred more than 300 days before the filing of the EEOC complaint." *Hussain v. Long Island R. Co.*, No. 00 CV 4207, 2002 WL 31108195, at *4 (S.D.N.Y. Sept. 20, 2002) (finding a continuing violation in the context of a hostile work environment claim). *See also Garofalo v. Verizon N.Y., Inc.*, No. 10 CV 2176, 2012 WL 4838552, at *4 (E.D.N.Y. Oct. 3, 2012) (citation omitted) ("at least one act of discrimination must have taken place within the statutory time period [to find a continuing violation]").

### B. Facts and Application of Law to Facts

Plaintiff alleges that the discriminatory conduct occurred on March 20, 2012. Compl. 3. He also mentions other discriminatory conduct and attaches a series of "Discipline/Corrective Action Form[s]" spanning from March 19, 2012 through July 24, 2013. His complaint was filed with the Equal Employment Opportunity Commission (the "EEOC") on September 27, 2013. Pl.'s Exhibit 1, Hr'g, Jan. 6, 2015. There have been no depositions or other discovery in the case.

3

In response to a series of leading questions by the court at a January hearing, plaintiff testified that the last discriminatory action occurred some time in July 2013, and that it was part of a continuing series of related actions. H'rg Tr. July 2013 falls within 300 days of plaintiff's September 27, 2013 filing. As thus construed, plaintiff's Title VII claims are not time-barred.

Defendant's motion for summary judgment is denied. Defendant may renew its motion after discovery under close supervision of the magistrate judge.

### V. Recusal to Avoid Future Prejudice in Instant Case

"[T]he fundamental importance of legal representation in our system of adversary justice is beyond dispute." *Meltzer v. C. Buck LeCraw & Co*, 402 U.S. 936, 959 (1971) (Black, J., dissenting from denial of certiorari).

Plaintiff completed one year of college. He is not an attorney. He is not familiar with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the complicated jurisprudence of Title VII. *See generally* H'rg Tr. The next step in this case—discovery—requires technical expertise. Plaintiff is probably not capable of adequately representing himself, as evidenced by the fact that the court had to intervene repeatedly on his behalf during the January hearing. *Id.*

At the present time, there are no satisfactory means, through statute or otherwise, to provide this *pro se* plaintiff with counsel. The case, on its face, without substantial discovery, would not warrant the appearance of private counsel working for financial gain. Nor would the legal situation justify the court's asking a member of the bar to volunteer; litigation obligations would probably require a costly outlay for discovery.

If the plaintiff were to continue *pro se*, the court would probably be forced to intervene and, in effect, advocate on his behalf, possibly prejudicing the defendant's case.

In many cases, *pro se* justice is an oxymoron. Without representation by counsel, it is probable, to some degree, that adequate justice cannot be served in this case. *See, e.g.*, Debra Gardner, *Justice Delayed Is, Once Again, Justice Denied: The Overdue Right to Counsel in Civil Cases*, 37 U. Balt. L. Rev. 59, 70 (2007) ("The presence of lawyers in a civil case makes a substantial difference to the outcome of the proceedings."); Robert W. Sweet, *Civil Gideon and Confidence in A Just Society*, 17 Yale L. & Pol'y Rev. 503, 503 (1998) ("Lawyers, and lawyers for all, are essential to the functioning of an effective justice system, whether it be to advise or to represent."); Rebecca L. Sandefur, *The Impact of Counsel: An Analysis of Empirical Evidence*, 9 Seattle J. for Soc. Just. 51, 78 (2010) ("greater access to attorneys might lead to more legally accurate decisions on the part of adjudicators."). *See also* Amy Myrick *et al.*, *Race and Representation: Racial Disparities in Legal Representation for Employment Civil Rights Plaintiffs*, 15 N.Y.U. J. Legis. & Pub. Pol'y 705, 707, 710 (2012) (minority plaintiffs, especially African Americans, are more likely to file employment discrimination actions without a lawyer). *Cf. Wechsler v. R D Mgmt. Corp.*, 861 F. Supp. 1153, 1157 (E.D.N.Y. 1994) (Glasser, Sr. J.) (dilemmas of trial judge managing *pro se* cases).

In the present case, the judge has intervened on plaintiff's behalf. While no partiality could be construed in rejecting defendant's motion for summary judgment based on timeliness, recusal now is desirable to avoid the appearance of partiality by the undersigned judge in future decisions in the case. The case should be assigned to another judge of the court by random selection.

## VI. Context

### A. Indigent Access to Civil Counsel

In most civil cases, including employment discrimination actions, there is no federal constitutional right to civil counsel. *See* Columbia Law School Human Rights Clinic, *Access to Justice: Ensuring Meaningful Access to Counsel in Civil Cases Response to the Periodic Report of the United States to the United Nations Human Rights Committee*, 64 Syracuse L. Rev. 409, 410 (2014). Unless physical incarceration is at issue, the United States Supreme Court has ruled there is a presumption against the provision of counsel. *See id.* at fn. 3 (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18 (1981) and *Turner v. Rogers*, 131 S. Ct. 2507 (2011)).

Meanwhile, "federal programs to provide civil counsel are under-funded and severely restricted[,]" resulting in a "crisis in unmet legal needs which disproportionately harms racial minorities, women, and those living in poverty[.]" Columbia Law School Human Rights Clinic, *supra*, at 411.

Racial discrimination claims brought under Title VII are a particularly troubling area. According to one study, "Title VII race claims are more likely to be filed [pro se], net of other factors, and at the EEOC level are the most frequent type of filing in this system." Amy Myrick et. al., *supra*, at 718.

### B. Efforts to Provide Civil Counsel

There are important, continuing efforts to fill the void. For example, the United States District Court for the Eastern District of New York, in partnership with the New York City Bar Association's City Bar Justice Center, is considering preliminary steps to provide free legal assistance to non-prisoner, *pro se* litigants through a pilot project. *See* Appendix A, Job Announcement: Attorney—Federal Pro Se Legal Assistance Project (FEDPRO).

Others programs are being tested and considered. *See, e.g.*, Kirk Semple, *Seeking Better Legal Help for Immigrants*, N. Y. TIMES, Jan. 29, 2014, at A19 (outlining the establishment of the "Immigrant Justice Corps," the brainchild of Robert A. Katzmann, Chief Judge of the United States Court of Appeals for the Second Circuit, which provides legal representation to immigrants); BOSTON BAR ASSOCIATION TASK FORCE ON EXPANDING THE CIVIL RIGHT TO COUNSEL, GIDEON'S NEW TRUMPET: EXPANDING THE CIVIL RIGHT TO COUNSEL IN MASSACHUSETTS (2008), a*vailable at* http://www.bostonbar.org/prs/reports/GideonsNewTrumpet.pdf; JUDICIAL COUNCIL OF CALIFORNIA, SARGENT SHRIVER CIVIL COUNSEL ACT (AB 590) FACT SHEET (Aug. 2012), *available at* http://www.courts.ca.gov/documents/AB-590.pdf (outlining seven pilot projects to provide "representation to low-income Californians on critical legal issues affecting basic human needs"); Erick Eckholm & Ian Lovett, *A Push For Legal Aid In Civil Cases Finds Its Advocates*, N. Y. TIMES, Nov. 21, 2014, at A10; Clare Pastore, *Gideon is My Co-Pilot: The Promise of Civil Right to Counsel Pilot Programs*, 17 U.D.C. L. Rev. 75 (Spring 2014) (reviewing pilot programs); Columbia Law School Human Rights Clinic, *supra*, at 434–438 (2014) (evaluating pilot programs). *Cf.* ABA RESOLUTION 104 (MODEL ACCESS ACT) (Aug. 2010); WASHINGTON APPLESEED, DEVELOPING CIVIL RIGHT TO COUNSEL PILOT PROJECTS: A RESOURCE FOR DESIGNING AND IMPLEMENTING EFFECTIVE PROGRAMS (2012), *available at* http://www.civilrighttocounsel.org/uploaded_files/117/Developing_Civil_Right_to_Counsel_Pilot_Projects__WA_Appleseed_.pdf.

## VII. Conclusion

Defendant's motion to dismiss the Title VII claims as time-barred is converted to a motion for summary judgment. The motion for summary judgment is denied with leave to renew before another judge of this court.

Plaintiff's ADEA and ADA claims are dismissed with prejudice.

The undersigned judge recuses himself.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 21, 2015
Brooklyn, New York

8